Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiffs Antonio Aceves Jr.
and Jesse Alvarez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ANTONIO ACEVES JR. and JESSE ALVAREZ, individually, and on behalf of other members of the general public similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>AUTOZONE, INC, a Nevada corporation,<br><br>                Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of 15 U.S.C. Sections 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act);<br>(2)  Violation of 15 U.S.C. Section 1681m(a) (Fair Credit Reporting Act);<br>(3)  Violation of California Civil Code Section 1785 *et seq.* (Consumer Credit Reporting Agencies Act); and<br>(4)  Violation of California Civil Code Section 1786 *et seq.* (Investigative Consumer Reporting Agencies Act).<br><br>**Jury Trial Demanded As To Claims That Are So Triable** |

1    Plaintiffs Antonio Aceves Jr. and Jesse Alvarez (herein "Plaintiffs"),

2 individually and on behalf of all other members of the public similarly situated,

3 based upon facts which either have evidentiary support, or are likely to have

4 evidentiary support after a reasonable opportunity for further investigation and

5 discovery, allege as follows:

6                        **NATURE OF THE ACTION**

7    1.    This class action arises from AutoZone, Inc.'s (herein referred to as

8 "Defendant" or "AutoZone") acquisition and use of consumer and/or investigative

9 consumer reports (referred to collectively as "background reports") to conduct

10 background checks on Plaintiffs and other prospective, current, and former

11 employees.

12    2.    Defendant routinely obtains and uses information from background

13 reports in connection with its hiring processes without complying with state and

14 federal mandates for doing so.

15    3.    Plaintiffs, individually and on behalf of all other members of the

16 public similarly situated, seek statutory, compensatory and punitive damages due

17 to Defendant's systematic and willful violation of, *inter alia*, the Fair Credit

18 Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., the Consumer Credit

19 Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq*., and the

20 Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§

21 1786 *et seq.*

22    4.    Defendant has violated the requirements under these statutes by

23 failing to provide proper "pre-authorization" disclosures.  The procurement of

24 background reports for employment purposes is subject to strict disclosure

25 requirements under federal law pursuant to the FCRA and under California law

26 pursuant to the CCRAA and ICRAA.  Among other things, an employer may not

27 procure a background report concerning a job applicant unless a "clear and

28 conspicuous" disclosure is made in a *stand-alone document* that "consists solely

CLASS ACTION COMPLAINT

of the disclosure" informing the applicant that a report may be obtained for employment purposes.  This required disclosure document is sometimes referred to as a "pre-authorization" form.

5.     The reason for requiring that the disclosure be in a stand-alone document, according to the FTC, is to prevent consumers from being distracted by other information side-by-side within the disclosure.  The FCRA seeks to protect important privacy rights and to ensure that consumers receive adequate disclosure and provide adequate authorization for background checks.  A stand-alone disclosure and authorization form is critical achieving that goal.

6.     Defendant's pre-authorization form is embedded as a window within a multi-webpage employment application and contains a liability release, among many other extraneous provisions wholly unrelated to the procurement of background checks.  The form also fails to provide required disclosures regarding the procurement of background reports.  For these reasons, among others, Defendant's pre-authorization form violates the law.

7.     As further alleged herein, Defendant's violations occurred because Defendant wilfully failed to properly apprise itself of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

8.     As a result of Defendant's wrongful acts and omissions, Plaintiffs and other putative Class Members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, CCRAA, and ICRAA.

9.     Plaintiffs seek on behalf of themselves and putative Class Members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and

appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief that may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

### JURISDICTION AND VENUE

10.     The FCRA, codified as 15 U.S.C. Section 1681 *et seq*., authorizes Court actions by private parties to recover damages for failure to comply with its provisions.  Jurisdiction over Plaintiffs' FCRA claims is based upon 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

11.     Under 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse, given that Plaintiffs are residents of California, and Defendant, AUTOZONE, INC., is a Nevada corporation with its principal place of business in Tennessee.

12.     Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendant transacts business in this judicial district and because this District is a District in which a substantial part of the events or omissions giving rise to the Complaint occurred.  Specifically, Plaintiff Alvarez completed Defendant's employment application in Bloomington, California, County of San Bernardino.  Venue is proper in the Central District of California.

### THE PARTIES

13.     Plaintiff, ANTONIO ACEVES JR., is a resident of Bell, California in Los Angeles County.

14.     Plaintiff, JESSE ALVAREZ, is a resident of Bloomington, California

in San Bernardino County.

15.     Defendant, AUTOZONE, INC., was and is, upon information and belief, a Nevada corporation with its principal place of business and corporate headquarters in Memphis, Tennessee, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

**PLAINTIFFS' FACTS**

**<u>Plaintiff Aceves's Facts</u>**

16.     Plaintiff Aceves applied for a job with Defendant by completing an online "Employment Application" on or about May 5, 2010.

17.     Plaintiff Aceves alleges, on information and belief, that in evaluating him for employment, Defendant procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. Section 1681a(d)(1)(B) and 15 U.S.C. Section 1681a(e), a consumer credit report, as defined by Cal. Civ. Code Section 1785.3(c), and an investigative consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

18.     In connection with his employment application, Plaintiff Aceves completed Defendant's standard online materials, which, on information and belief, were used regularly by Defendant for online job applicants during the relevant time period in the connection with their employment policies, procedures, and practices.  On information and belief, Defendant's online employment application requires applicants to navigate various sections of an application portal in an environment called "AutoZone Careers."  At the conclusion of the application process, after a section titled "References," a section simply titled "Please read carefully before signing" appears with multiple paragraphs below. The purported disclosures regarding the procurement of a background report appear within this section.  These disclosures are buried among several other extraneous and unrelated disclosures in direct violation of the plain wording of the

1    FRCA.  Upon applying his electronic signature to the text on the page, Plaintiff

2    Aceves and Class Members purportedly authorized Defendant to procure

3    background reports.

4            19.     Below is a reproduction of the portions of the online application

5    containing the purported disclosure and authorization (hereinafter, the "2010

6    Form"):



7    **Please read carefully before signing**

8    AutoZone makes every reasonable effort to accommodate individual preferences when possible, however, business needs and customer demands at times make the following conditions mandatory: overtime, shift work, a rotating schedule or a work schedule other than Monday through Friday. I understand these conditions, and, if employed, I agree to accept them as conditions of my continuing employment.

9

10   I hereby agree and understand that, as a condition of employment or continued employment, I may be required by the company to submit to a physical examination, drug testing or other tests, a search or examination of myself or personal property while on the company's premises or while conducting business elsewhere, if such is not prohibited by law.

11

12

13   If employed, I agree to abide by the directives, rules and regulations of AutoZone both present and future. I understand that the employment is for no definite period of time and may be terminated at will by me or by AutoZone with or without cause or notice at any time. I further understand that no representative of the company has the authority to enter into any employment agreement contrary to the foregoing.

14

15

16   I certify that my application for employment is true and complete, and I understand that, if employed, false or omitted statements on this application or any other company documents will subject me to immediate dismissal. I understand that an investigative consumer report involving information concerning my character, employment history, general reputation, police record and personal habits may be obtained prior to any offer of employment. Upon timely written request to AutoZone's Human Resources Department, the name and address of the reporting agency will be disclosed to me. It is understood that completion of this application does not mean a job opening exists and in no way obligates AutoZone to employ me.

17

18

19   I further authorize all contacted persons and former employers to provide information concerning this application, my background and suitability for employment, and I release such persons and former employers from liability for providing such information.

20

21

22   Print Name:   antonio aceves, Jr.

23   Signature:    ████████          Date:   05-05-2010  12:07 PM

24

25

26           20.     This purported disclosure contains the following information within

27   its four corners, which is extraneous to Defendant's disclosure of its intent to

28   perform a background check:

(a)     AutoZone makes every reasonable effort to accommodate individual preferences when possible, however, business needs and customer demands at times make the following conditions mandatory: overtime, shift work, a rotating schedule or work schedule other than Monday through Friday. I understand these conditions, and, if employed, I agree to accept them as conditions of my continuing employment. ("Conditions").

(b)     I hereby agree and understand that, as a condition of employment or continued employment, I may be required by the company to submit to a physical examination, drug testing or other tests, a search or examination of myself or personal property while on the company's premises or while conducting business elsewhere, if such is not prohibited by law.  ("Search and Examination").

(c)     If employed, I agree to abide by the directives, rules and regulations of AutoZone both present and future. I understand that the employment is for no definite period of time and may be terminated at will by me or by AutoZone with or without cause or notice at any time. I further understand that no representative of the company has the authority to enter into any employment agreement contrary to the foregoing. ("Employment Rules").

(d)     I certify that my application for employment is true and complete, and I understand that, if employed, false or omitted statements on this application or any other company documents will subject me to immediate dismissal. ("Certification").

(e)     It is understood that completion of this application does not mean a job opening exists and in no way obligates AutoZone to employ me. I further authorize all contacted persons and former employers to provide information concerning this application, my background and suitability for employment, and I release such persons and former employers from liability for providing such information. ("Waiver").

## **Plaintiff Alvarez's Facts**

21.     Plaintiff Alvarez applied for a job with Defendant by completing an online "Employment Application" on or about February 21, 2013.

22.     Plaintiff Alvarez alleges, on information and belief, that in evaluating him for employment, Defendant procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by

15 U.S. Section 1681a(d)(1)(B) and 15 U.S.C. Section 1681a(e), a consumer credit report, as defined by Cal. Civ. Code Section 1785.3(c), and an investigative consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

23.     In connection with his employment application, Plaintiff Alvarez completed Defendant's standard online materials, which, on information and belief, were used regularly by Defendant for online job applicants during the relevant time period in the connection with their employment policies, procedures, and practices.  On information and belief, Defendant's online employment application requires applicants to navigate various sections of an application portal in an environment called "AutoZone Careers."  These sections include, but are not limited to, "Profile," "Employment Application Page 1," and "Employment Application Page 2".  In the third to last section of the application portal, in a section identified as "Terms and Conditions" in the toolbar, a window with the subsection titled "Terms and Agreements" appears with multiple paragraphs below it.  These paragraphs have headings that include, but are not limited to, "Consent to Electronic Transactions," "Notice Disclosure Regarding Background Investigation," "Acknowledgement Release Authorization," and "Notice Regarding Background Investigation Pursuant to California Law").

24.     Buried within the single page "Terms and Agreements" section is language purportedly disclosing to prospective applicants, including Plaintiff Alvarez and Class Members, that a background report may be obtained about them in connection with their employment application.  On information and belief, at the bottom of the page, upon clicking a check box or radio button next to the text "Yes, I agree to these terms and electronic consent," Plaintiff Alvarez and Class Members purportedly authorized Defendant to procure a background report.

1       25.    Below is a reproduction of the "Terms and Agreements" portion of

2  the online application containing the purported disclosure and authorization

3  (hereinafter, the "2013 Form"):

**III. TERMS AND AGREEMENTS**

AutoZone makes every reasonable effort to accommodate individual preferences when possible, however, business needs and customer demands at times make the following conditions mandatory: overtime, shift work, a rotating schedule or a work schedule other than Monday through Friday. I understand these conditions, and if employed, I agree to accept them as conditions of my continuing employment. I hereby agree and understand that, as a condition of employment or continued employment, I may be required by the company to submit to a physical examination, drug testing or other tests, a search or examination of myself or personal property while on the company's premises or while conducting business elsewhere, if such is not prohibited by law. If employed, I agree to abide by the directives, rules and regulations of AutoZone both present and future. I understand that the employment is for no definite period of time and may be terminated at will by me or by AutoZone with or without cause or notice at any time. I further understand that no representative of the company has the authority to enter into any employment agreement contrary to the foregoing. I certify that my application for employment is true and complete, and I understand that, if employed, false or omitted statements on this application or any other company documents will subject me to immediate dismissal. I understand that an investigative consumer report involving information concerning my character, employment history, general reputation, police record and personal habits may be obtained prior to any offer of employment. Upon timely written request to AutoZone's Human Resources Department, the name and address of the reporting agency will be disclosed to me. It is understood that completion of this application does not mean a job opening exists and in no way obligates AutoZone to employ me. I further authorize all contacted persons and former employers to provide information concerning this application, my background and suitability for employment, and I release such persons and former employers from liability for providing such information.

**CONSENT TO ELECTRONIC TRANSACTIONS**

This application contains a number electronic disclosures and consent forms. I understand I have the right to receive such disclosures and give my consent or authorization on paper rather than electronically. If I do consent to electronic transactions, I understand I have the right to withdraw my consent by contacting AutoZone via e-mail at erecruitsupport@autozone.com, but will have to sign corresponding paper authorization or consent forms as needed in order to continue my application for employment.

I understand that any consent given here applies only to the electronic transactions related to this job application, and that I can receive a copy of my limited electronic record via email, by contacting the AutoZone applicant support center at erecruitsupport@autozone.com. I further understand that I may request a paper copy of any consent or authorization I give electronically. I may receive such paper copies at no cost within the next 60 days by contacting AutoZone via e-mail at recruitsupport@autozone.com.

**NOTICE DISCLOSURE REGARDING BACKGROUND INVESTIGATION**

AutoZone may obtain information about you from a consumer reporting agency for employment purposes. Thus, you may be the subject of a "consumer report" and/or an "investigative consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living and which can involve personal interviews with sources such as your neighbors, friends, or associates. These reports may be obtained at any time after receipt of your authorization and, if you are hired, throughout your employment. You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report. Please be advised that the nature and scope of the most common form of "consumer report" and/or an "investigative consumer report" obtained with regard to applicants for employment conducted by Edge Information Management, Incorporated, Post Office Box 3378, Melbourne, Florida 32902, 1-800-722-3343 consist of, but is not limited to, academic, residential, achievement, previous employment verification and/or job performance, workers compensation, professional licenses, credit reports, driving history, and criminal history records. The scope of this notice and authorization is all-encompassing, allowing AutoZone to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. As a result, you should carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report.

**ACKNOWLEDGMENT RELEASE AUTHORIZATION**

I acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION and that I have read and understand this document. I understand that I may also have the right to request additional disclosures regarding the nature and scope of the investigation as well as the right to request a copy of A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT. If requested, the consumer reporting agency will explain the contents of my file. I understand that proper identification will be required and that I should direct my request to: Edge Information Management, Incorporated, Post Office Box 3378, Melbourne, Florida 32902. Phone 1-800-725-3343. FAX 1-800-780-3299. I hereby authorize the obtaining of "consumer reports" and/or investigative consumer reports: at any time after receipt of this authorization and, if I am hired, throughout my employment. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by Edge Information Management, Incorporated, another outside organization acting on behalf of AutoZone, and/or AutoZone itself. I agree that an electronic copy of this Authorization shall be as valid as the original. I authorize Edge Information to contact me at the phone number provided on my employment application for clarification of any information provided.

-   <u>Yes</u>, I agree to these terms and electronic consent

**If you do not consent to electronic transactions, sign below to agree to AutoZone's terms and agreements.**

| Applicant Signature | | |
|---|---|---|
| Applicant Name (Print)  Mr JESSE ALVAREZ | | Date Signed  02/21/2013 |

**California, New York. Minnesota and Oklahoma applicants or employees only:**

- Answer yes if you would like to receive a copy of an investigative consumer report or employment credit report if one is obtained by AutoZone at no charge whenever you have a right to receive such a copy.
  - o   Yes or No

**California applicants or employees only:**

- By answering yes, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW.

**NOTICE REGARDING BACKGROUND INVESTIGATIONPURSUANT TO CALIFORNIA LAW.**
AutoZone intends to obtain information about you from an investigative consumer reporting agency and/or consumer credit reporting agency for employment purposes.  Thus, you can expect to be the subject of "investigative consumer reports" and "consumer credit reports" obtained for employment purposes.  Such reports may include information about your character, general reputation, personal characteristics and mode of living.  With respect to any investigative consumer report from an investigative consumer reporting agency ("ICRA"), the Company may investigate the information contained in your employment application and other background information about you, including but not limited to obtaining a criminal record report, verifying references, work history, your social security number, your educational achievements, licensure, and certifications, your driving record, and other information about you, and interviewing people who are knowledgeable about you.  The results of this report may be used as a factor in making employment decisions.  The source of any investigative consumer report (as the term is defined under California law) and any employment credit report will be Edge Information Management, Incorporated, Post Office Box 3378, Florida 32902, 1-800-725-3343.  ICRA's privacy practices can be found at http://www.edgeinformation.com. AutoZone agrees to provide you with a copy of an investigative consumer report when required to do so under California law.

Under California Civil Code section 1786.22, you are entitled to find out from an ICRA what is in the ICRA's file on you with proper identification, as follows:

- In person, by visual inspection of your file during normal business hours and on reasonable notice.  You also may request a copy of the information in person.  The ICRA may not charge you more than the actual copying costs for providing you with a copy of your file.
- A summary of all information contained in the ICRA's file on you that is required to be provided by the California Civil Code will be provided to you via telephone, if you have made a written request, with proper identification, for telephone disclosure, and the toll charge, if any, for the telephone call is repaid by you or charged directly to you.
- By requesting a copy be sent to a specified addressee by certified mail.  ICRAs complying with requests for certified mailings shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the ICRAs.

"Proper identification" includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. Only if you cannot identify yourself with such information may the ICRA require additional information concerning your employment and personal or family history in order to verify your identity.
The ICRA will provide trained personnel to explain any information furnished to you and will provide a written explanation of any coded information contained in files maintained on you.  This written explanation will be provided whenever a file is provided to you for visual inspection.
You may be accompanied by one other person of your choosing, who must furnish reasonable identification.  An ICRA may require you to furnish a written statement granting permission to the ICRA to discuss your file in such person's presence.

26.    The purported disclosures regarding the procurement of a background report appear within this section.  These disclosures are buried among several other extraneous and unrelated disclosures in direct violation of the plain wording of the FRCA.  This purported disclosure contains the following information within its four corners, all of it extraneous to Defendant's disclosure of its intent to perform a background check:

    (a)    AutoZone makes every reasonable effort to accommodate individual preferences when possible, however, business needs and customer demands at times make the following conditions mandatory: overtime, shift work, a rotating schedule or work schedule other than Monday through Friday. I understand these conditions, and, if employed, I agree to accept them as conditions of my continuing employment. ("Conditions").

    (b)    I hereby agree and understand that, as a condition of

employment or continued employment, I may be required by the company to submit to a physical examination, drug testing or other tests, a search or examination of myself or personal property while on the company's premises or while conducting business elsewhere, if such is not prohibited by law. ("Search and Examination").

(c)    If employed, I agree to abide by the directives, rules and regulations of AutoZone both present and future. I understand that the employment is for no definite period of time and may be terminated at will by me or by AutoZone with or without cause or notice at any time. I further understand that no representative of the company has the authority to enter into any employment agreement contrary to the foregoing. ("Employment Rules").

(d)    I certify that my application for employment is true and complete, and I understand that, if employed, false or omitted statements on this application or any other company documents will subject me to immediate dismissal. ("Certification")

(e)    It is understood that completion of this application does not mean a job opening exists and in no way obligates AutoZone to employ me. I further authorize all contacted persons and former employers to provide information concerning this application, my background and suitability for employment, and I release such persons and former employers from liability for providing such information. ("Waiver").

(f)    This application contains a number electronic disclosures and consent forms. I understand I have the right to receive such disclosures and give my consent or authorization on paper rather than electronically. If I do consent to electronic transactions, I understand I have the right to withdraw my consent by contacting AutoZone via e-mail at erecruitsupport@autozone.com, but will have to sign corresponding paper authorization or consent forms as needed in order to continue my application for employment.

I understand that any consent given here applies only to the electronic transactions related to this job application, and that I can receive a copy of my limited electronic record via email, by contacting the AutoZone applicant support center at erecruitsupport@autozone.com. I further understand that I may request a paper copy of any consent or authorization I give electronically. I may receive such paper copies at no cost within the next 60 days by contacting AutoZone via e-mail at erecruitsupport@autozone.com. ("Electronic Transactions Consent").

**FCRA Violations in 2010 Form and 2013 Form**

27.    Because Defendant's purported disclosures in both the 2010 Form

and the 2013 Form contain extraneous information and are not clear and unambiguous disclosures in a stand-alone document, they violate federal law.

28.	In addition, the inclusion of the above Conditions, Search and Examination, Employment Rules, Certification, and Waiver provisions in the purported disclosure in both the 2010 and 2013 Forms violates Section 1681b(b)(2)(A) of the FCRA.  Further, the inclusion of the Electronic Transactions Consent provision in the purported disclosure of the 2013 Form also violates Section 1681b(b)(2)(A) of the FCRA.

29.	Under the FCRA, it is unlawful to procure or caused to be procured a consumer report[1] or investigative consumer report[2] for employment purposes, unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized, in writing, the procurement of the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

30.	Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears

---

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.
[2] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

> conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

31.    The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment  purposes.

32.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

33.    By including the Conditions, Search and Examination, Employment Rules, Certification, and Waiver provisions in the 2010 Form and by including the Conditions, Search and Examination, Employment Rules, Certification, Waiver, and Electronic Transactions Consent sections on the 2013 Form, Defendant wilfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.  Additionally, Defendant's 2010 and 2013 Forms are not "clear and conspicuous" and "clear[] and accurate[]" due to the inclusion of the extraneous provisions causes, and thus violate Sections 1681b(b)(2)(A) and 1681d(a).

34.    On information and belief, the employment applications Defendant used in years besides 2010 and 2013 contain the same deficiencies and violations

1   discussed above.

2   **CLASS ACTION ALLEGATIONS**

3   35.   Plaintiffs bring this lawsuit as a class action on behalf of themselves

4   and all others similarly situated as members of the proposed Class pursuant to

5   Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action

6   satisfies the numerosity, commonality, typicality, adequacy, predominance, and

7   superiority requirements of those provisions.

8   36.   Plaintiffs' proposed Class consists of and is defined as:

9
10
11
12

> All persons who applied for employment with Defendant in the United States within the five years immediately preceding the filing of this lawsuit who were the subject of a background report or who executed a background check authorization form, including the 2010 Form or 2013 Form. ("FCRA Pre-Authorization Class").

13
14
15

37.   Plaintiffs' proposed California ICRAA Subclass of the FCRA Pre-Authorization Class consists of and is defined as follows:

16
17
18
19

> All persons who applied for employment with Defendant in California within the two years immediately preceding the filing of this lawsuit who were the subject of a background report or who executed a background check authorization form, including the 2010 Form or 2013 Form. ("ICRAA Subclass").

20
21

38.   Plaintiffs' proposed California CCRAA Subclass of the FCRA Pre-Authorization Class consists of and is defined as follows:

22
23
24
25

> All persons who applied for employment with Defendant in California within the seven years immediately preceding the filing of this who were the subject of a background report or who executed a background check authorization form, including the 2010 Form or 2013 Form. ("CCRAA Subclass").

26   39.   Members of the Class and Subclasses, as described above, will be

27   referred to as "Class Members." Excluded from the Class and Subclasses are: (1)

28   Defendant, any entity or division in which Defendant has a controlling interest,

and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiffs reserve the right to amend the above Class and Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

40. Numerosity: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

41. Commonality: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

      (a) Whether it is Defendant's standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a background report in compliance with the statutory mandates;

      (b) Whether it is Defendant's standard procedure to provide a written copy of the FCRA Summary of Rights to applicants and employees before obtaining a background report in compliance with the statutory mandates;

      (c) Whether Defendant's failures to comply with the FCRA, CCRAA, or ICRAA were willful or grossly negligent; and

      (d) The appropriate amount of statutory damages, attorneys' fees,

and costs resulting from Defendant's violations of federal and California law.

42.     Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they are similarly situated, and Plaintiffs' claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

43.     Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they are similarly situated, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiffs' attorneys, the proposed class counsel, are well versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action will continue to incur, costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

44.     Predominance:  Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class.  The elements of the legal claims brought by Plaintiffs and the Class Members are capable of proof at trial through evidence that is common to the class rather than individual to its members.

45.     Superiority:  Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's

misconduct.  Absent a class action, Class Members will continue to incur harm and damages and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

46.    The Class may also be certified because:

(a)    the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

(b)    the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Credit Reporting Act Sections 1681b(b)(2)(A) and 1681d(a)**

47.    Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

48.    Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

49.    Plaintiffs and Class Members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

50.    Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using **consumer reports for employment purposes.**
…

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

51.    Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

(1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and
(B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

52.    As discussed more fully above, Defendant violated Section

1   1681b(b)(2)(A) of the FCRA because it failed to provide Plaintiffs and Class

2   Members with a clear and conspicuous written disclosure, in a document

3   consisting *soley* of the disclosure, that a consumer report might be obtained for

4   employment purposes, before procuring or causing to be procured consumer

5   reports on Plaintiffs and Class Members.

6         53.    Based upon the facts likely to have evidentiary support after a

7   reasonable opportunity for further investigation and discovery, Defendant has a

8   policy and practice of failing to provide adequate written disclosures to applicants

9   and employees, before procuring consumer reports or causing consumer reports to

10  be procured.  Pursuant to that policy and practice, Defendant procured consumer

11  reports or caused consumer reports to be procured for Plaintiffs and Class

12  Members without first providing a written disclosure in compliance with Section

13  1681b(b)(2)(A) of the FCRA.

14        54.    Defendant's conduct in violation of Section 1681b(b)(2)(A) of the

15  FCRA was and is willful.  Defendant acted in deliberate or reckless disregard of

16  its obligations and the rights of applicants and employees, including Plaintiffs and

17  Class Members.  Defendant's willful conduct is reflected by, among other things,

18  the following facts:

19              (a)   Defendant is a large company with access to legal advice

20                    through its own general counsel's office and outside

21                    employment counsel;

22              (b)   Defendant included a purported authorization to perform

23                    background checks in its employment application which,

24                    although defective, evidences Defendant's awareness of and

25                    willful failure to follow the governing laws concerning such

26                    authorizations;

27              (c)   The plain language of the statute unambiguously indicates that

28                    inclusion of a liability release in a disclosure form violates the

disclosure and authorization requirements; and

(d)     The FTC's express statements, which clearly provide that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form, predate Defendant's violative conduct.

55.     As to the 2010 Form, Defendant violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiffs and Class Members that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiffs' and Class Members' rights under 1681g(c) as part of the disclosure.

56.     As to the 2013 Form, Defendant violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made and failing to provide a written summary of Plaintiffs' and Class Members' rights under 1681g(c) as part of the disclosure.

57.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured on applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured on Plaintiffs and Class Members without providing a timely written summary of their rights under the FCRA.

58.     Accordingly, Defendant wilfully violated and continues to violate the

FCRA, including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a).
Defendant's willful conduct is reflected by the facts set forth above, among other
facts.

59.     As a result of Defendant's illegal procurement of background reports
by way of its inadequate disclosures, as set forth above, Plaintiffs and Class
Members have been injured through having their privacy and statutory rights
invaded in violation of the FCRA, among other injuries.

60.     Plaintiffs, on behalf of themselves and all Class Members, seek all
available remedies pursuant to 15 U.S.C. Section 1681n, including statutory
damages and/or actual damages, punitive damages, injunctive and equitable relief,
and attorneys' fees and costs.

61.     In the alternative to Plaintiffs' allegation that these violations were
willful, Plaintiffs allege that the violations were negligent and seek the appropriate
remedy, if any, under 15 U.S.C. Section 1681o.

**SECOND CAUSE OF ACTION**

**Violation of the Consumer Credit Reporting Agencies Act Section
1785.20.5(a)**

**(As to CCRAA Subclass Only)**

62.     Plaintiffs hereby incorporate by reference the allegations contained in
this Complaint.

63.     Defendant is a "person" as defined by Cal. Civ. Code Section
1785.3(j).

64.     Plaintiffs and Class Members are "consumers" within the meaning of
Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

65.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as
any written, oral, or other communication of any information by a consumer credit
reporting agency bearing on a consumer's credit worthiness, credit standing, or
credit capacity, which is used or is expected to be used, or collected in whole or in

1    part, for the purpose of serving as a factor in establishing the consumer's

2    eligibility for employment purposes.

3        66.    Section 1785.3(d) of the CCRAA defines "consumer credit reporting

4    agency" as "any person who, for monetary fees, dues, or on a cooperative

5    nonprofit basis, regularly engages in whole or in part in the business of assembling

6    or evaluating consumer credit information or other information on consumers for

7    the purpose of furnishing consumer credit reports to third parties, but does not

8    include any governmental agency whose records are maintained primarily for

9    traffic safety, law enforcement, or licensing purposes."

10       67.    Section 1785.3(f) of the CCRAA defines "employment purposes,"

11   when used in connection with a consumer credit report, as "a report used for the

12   purpose of evaluating a consumer for employment, promotion, reassignment, or

13   retention as an employee."

14       68.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting

15   a consumer credit report for employment purposes, the user of the report shall

16   provide written notice that (1) identifies the specific basis under subdivision (a) of

17   Section 1024.5 of the Labor Code for use of the report; (2) informs the person of

18   the source of the report; and (3) contains a box that the person may check off to

19   receive a copy of the credit report.  The employer must provide the report to the

20   applicant or employee contemporaneously and at no charge.

21       69.    As to the 2010 Form, Defendant willfully violated Section

22   1785.20.5(a) of the CCRAA as to Plaintiffs and Class Members because it failed

23   to provide written notice to Plaintiffs and Class Members that includes a check

24   box that would allow Plaintiffs and Class Members to opt to receive a copy of

25   their consumer credit report.  In addition, on information and belief, Defendant

26   failed to contemporaneously provide requested reports to applicants or employees.

27   Defendant also willfully violated section 1785.20.5(a) by failing to include the

28   source of the credit report in a written notice to Plaintiffs and Class Members.

70.     As to the 2013 Form, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiffs and Class Members by failing to state a specific basis for obtaining the credit report as indicated under Labor Code section 1024.5, a requirement that took effect on January 1, 2012.  In addition, on information and belief, Defendant failed to contemporaneously provide requested reports to applicants or employees.

71.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide notice that (1) identifies the specific basis for use of the report; (2) informs the person of the source of the report; and/or (3) includes a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report; additionally, Defendant had and has a policy and practice of failing to provide requested reports contemporaneously.  Pursuant to that policy and practice, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiffs and Class Members.

72.     Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a), and has violated the privacy rights of Plaintiffs and Class Members.  Defendant's willful conduct is reflected by, among other things, the facts set forth above.

73.     As a result of Defendant's willful conduct as set forth above, Plaintiffs and Class Members have been injured by having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

74.     Plaintiffs, on behalf of themselves and all Class Members, seek all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

75.     In the alternative to Plaintiffs' allegation that these violations were

willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

### THIRD CAUSE OF ACTION

### Violation of the Investigative Consumer Reporting Agencies Act Section 1786.16(b)

### (As to ICRAA Subclass Only)

76.     Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

77.     Defendant is a "person" as defined by Cal. Civ. Code Section 1786.2(a).

78.     Plaintiffs and Class Members are "consumers" within the meaning of Cal. Civ. Code Section 1786.2(b) because they are natural individuals who have made application to a person for employment purposes.

79.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

80.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

81.     Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear

and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

> … (iv) *Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation*.

82.     As to the 2010 Form, Defendant violated Section 1786.16(a)(2)(B) of the ICRAA by failing to include in the written disclosure the name, address, and phone number for the investigative consumer reporting agency conducting the investigation for the consumer report.

83.     Section 1786.16(b)(1) provides, in relevant part:

> (b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

> (1) *Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared.* If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

84.     As to the 2010 Form, Defendant violated Section 1786.16(b)(1) by failing to provide to Plaintiffs and Class Members a written form, by means of a box to check, to indicate their desire to receive a copy of their investigative consumer report requested by Defendant.

85.     As to both the 2010 and 2013 Forms, on information and belief, Defendant violated Section 1786.16(b)(1) by failing to send a copy of the report to Plaintiffs and Class Members, once they elected to receive a copy, within three business days of the date that report was provided to Defendant.

86.     On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and

discovery, Defendant had and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared, and/or without mailing such report(s) within the time frame required under the statute.

87.    Pursuant to Defendant's policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiffs and Class Members without providing them with the means required under Section 1786.16(b)(1) of the ICRAA to indicate that they would like to receive a copy of their report(s) and/or without mailing such report(s) within the time frame required under the statute.

88.    Accordingly, Defendant wilfully violated and continue to violate the ICRAA, including, but not limited to, Section 1786.16(b)(1).  Defendant's willful or grossly negligent conduct is reflected by the facts set forth above, among other facts.

89.    As a result of Defendant's willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiffs and Class Members have been injured by having their privacy and statutory rights invaded in violation of the ICRAA, among other injuries.

90.    Plaintiffs, on behalf of themselves and all Class Members, seek all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

### REQUEST FOR JURY TRIAL

91.    Plaintiffs request a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

1

**RELIEF REQUESTED**

2        Plaintiffs, on behalf of themselves and Class Members, request that the

3  Court enter judgment against Defendant, as follows:

4                 (a)      An order certifying the proposed Class and Subclasses,

5                          designating Plaintiffs as named representatives of the Class

6                          and Subclasses, and designating the undersigned as Class

7                          Counsel;

8                 (b)      A Declaration that Defendant's practices violate the FCRA,

9                          CCRAA, and ICRAA;

10                (c)      An award of statutory, compensatory, special, general, and

11                         punitive damages according to proof against Defendant;

12                (d)      An award of appropriate equitable relief, including but not

13                         limited to an injunction forbidding Defendant from engaging

14                         in further unlawful conduct in violation of the FCRA,

15                         CCRAA, and ICRAA;

16                (e)      An award of pre-judgment and post-judgment interest, as

17                         provided by law;

18                (f)      Leave to amend the Complaint to conform to the evidence

19                         produced at trial;

20                (g)      An award of attorneys' fees and costs, as allowed by law,

21                         including an award of attorneys' fees and costs pursuant to 15

22                         U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code §§

23                         1785.31(a) and 1786.50, and California Code of Civil

24                         Procedure § 1021.5; and

25  ///

26  ///

27  ///

28  ///

1

             (h)      Such other relief as may be appropriate under the

2

             circumstances.

3

4
Dated:  September 30, 2014        Respectfully submitted,

5
                         Capstone Law APC

6

7
                   By:  s/ Cody Padgett

8
                        Jordan L. Lurie
                        Robert Friedl

9
                        Tarek H. Zohdy
                        Cody R. Padgett

10

11
                        Attorneys for Plaintiffs Antonio Aceves
                        Jr. and Jesse Alvarez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT